IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TOMMY GARY,

                    Plaintiff

            VS.                                    NO. 5:04-CV-419(CAR)

BENJAMIN CHARLES, *et al.*,

                    Defendants           PROCEEDINGS UNDER 42 U.S.C. § 1983
                                         BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Plaintiff TOMMY GARY has filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983.  He has sued defendants BENJAMIN CHARLES and MS. GATWICK alleging that his constitutional rights have been violated. The plaintiff complains that the defendants have instituted, and are pursuing, a policy that allows them to terminate grievances without addressing the merits of said grievance. Tab #1.

Before the court is the defendants' **MOTION TO DISMISS**.  Tab #10. Plaintiff has filed responses to the defendants' motion. Tabs #21 and #22. In entering this recommendation, the undersigned has carefully considered both the defendants' motion and the plaintiff's responses.

### LEGAL STANDARD - MOTION TO DISMISS

For a motion to dismiss to be granted, plaintiffs' complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling them to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d.

## DISCUSSION

In their motion, the defendants aver that the plaintiff's claims must be dismissed because his complaint does state a claim under 42 U.S.C. §1983; they contend that deficiencies in inmate grievance procedures do not deprive an inmate of a constitutional right.

### A. Failure To State A Claim

In any Section 1983 action, the initial question presented to the court is whether the essential elements of a Section 1983 cause of action are present. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). It is essential that the conduct complained of deprive the plaintiff of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. *Id.*

In the present case, plaintiff claims that defendants violated his constitutional rights by following a policy of rejecting grievances without addressing their merits. However, alleged deficiencies in the grievance process do not give rise to any valid constitutional claim. The Eleventh Circuit Court of Appeals has held that a prisoner has no constitutional right to participate in prison grievance procedures, and violations of such procedures simply do not give rise to a claim under section 1983. *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989).

Accordingly, IT IS RECOMMENDED that the defendants' **MOTION TO DISMISS** (Tab #10) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned by submitting the same WITHIN TEN (10) DAYS of receipt.

SO RECOMMENDED, this 17th day of MAY, 2005.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE